# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES D. PETERS, SR.,
                Appellant,

        v.

DEPARTMENT OF THE ARMY,
                Agency.

DOCKET NUMBER
DA-3443-14-0669-I-1

DATE: July 6, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James D. Peters, Sr.</u>, Bogalusa, Louisiana, pro se.

<u>Sean Galvin</u>, Esquire, Alexandria, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal as withdrawn. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant filed this Board appeal in which he appears to allege that, because he retired pursuant to a disability retirement, the agency should have designated "medical reasons" as the reason for his resignation on his Standard Form 50 as opposed to the designation of "personal reasons." Initial Appeal File (IAF), Tab 1; *see* IAF, Tab 6 at 19, Tab 12. The administrative judge informed the appellant that the Board may not have jurisdiction over his appeal and that it appeared to be untimely; he therefore ordered the appellant to show that his appeal was both within the Board's jurisdiction and timely filed. IAF, Tabs 2-3. The administrative judge held a status conference with the parties and later suspended the case, at their request, to allow additional time for settlement discussions. IAF, Tab 10. Subsequently, the appellant requested to withdraw his appeal. IAF, Tabs 12-13. The administrative judge therefore dismissed the appeal as withdrawn. IAF, Tab 14, Initial Decision.

¶3      The appellant has filed a timely petition for review in which he requests to revoke his withdrawal. Petition for Review (PFR) File, Tab 1 at 3. Specifically, he asserts that he was not in his "right frame of mind" and was suffering from mental illness. *Id*. He also appears to assert that the administrative judge told him that, if he could not come to an agreement with the agency, then he would be

ordered to return to work. *Id*. The agency did not respond to the petition for review.

¶4    An appellant's withdrawal of an appeal is an act of finality. *Page v. Department of Transportation*, 110 M.S.P.R. 492, ¶ 5 (2009). Generally, the Board will not reinstate a withdrawn appeal absent unusual circumstances such as misinformation or new and material evidence. *Id*. A voluntary withdrawal, however, must be clear, decisive, and unequivocal. *Id*.

¶5    Our review of the record reveals nothing that would warrant reinstatement of the instant appeal. First, although the appellant alleges that his withdrawal was influenced by misinformation from the administrative judge, there is no evidence that the administrative judge provided the alleged misinformation. *See Powell-Johnson v. U.S. Postal Service*, 103 M.S.P.R. 340, ¶ 15 (2006) (finding that, while the appellant alleged that the administrative judge provided her with misinformation, there was no evidence that this occurred). Second, although the appellant contends that he was suffering from mental illness, he does not explain how the alleged mental illness affected his decision to withdraw his appeal or show that he was unable to fully understand the effect of his withdrawal. *See Auyong v. Department of the Navy*, 97 M.S.P.R. 267, ¶ 7 (2004) (finding that the appellant's medical evidence showing that he suffered from a mental illness did not warrant reinstatement of his withdrawn appeal because he did not show that, as a result of this illness, he was unable to fully understand the nature of his withdrawal). Accordingly, we affirm the initial decision dismissing his appeal as withdrawn.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.                                                                                    The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.